IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MAURICE JACKSON,**

**Plaintiff,**

vs.                                                                                             Case No. 16-cv-00017-DRH

**REBECCA CREASON,**

**Respondent.**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Maurice Jackson is currently incarcerated at Pontiac Correctional Center, located within the Southern District of Illinois. He brings this *pro se habeas* corpus action pursuant to 28 U.S.C. § 2254, seeking release from segregation, the expungement of his administrative conviction, mental health treatment, and damages.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**Background**

The petition states that on November 16, 2015, petitioner was told to pack up his things because he was being sent to segregation while an incident was

being investigated. It appears that petitioner was incarcerated at Menard Correctional Center at this time. The petition does not state what was being investigated. While packing up his things, a correctional officer (Officer Holmouth) took a bedsheet petitioner was carrying and threw it onto the floor. Petitioner and the officer then engaged in an argument about whether petitioner was able to bring a bedsheet to segregation. Petitioner states the correctional officer then performed a strip search of his person and touched his genitals and buttocks in an inappropriate manner. When petitioner complained, the officer told him to "shut the fuck up" and, "you probably like dick anyway. [I'm going to] stick my dick in your mouth, [']cause you talk too much." Another correctional officer (Officer Furlow) apparently told Holmouth to "get him good."

Petitioner served fourteen days of segregation while the incident for which he was charged was being investigated. He was eventually convicted. He states that his conviction was based on a letter he allegedly wrote to "Intel."; however, he does not recall ever writing such a letter. He alleges he was threatened (presumably by correctional officers); he also threatened to commit suicide. Petitioner was eventually sentenced to fifteen days of segregation on the original ticket, plus six months for sexual misconduct. He was sent to Pontiac to serve his sentence.

Petitioner threatened to file a grievance and institute a habeas proceeding to an officer (Major Harmeyer). Harmeyer told him that if petitioner filed a grievance he would make sure the grievance officer would not receive it. But petitioner did

file a grievance, stating that the Adjustment Committee had barred him from having representation during the disciplinary hearing despite the fact that he suffers from a congenital disorder, mental retardation, and mental illness. Another correctional officer (Officer Phillips), however, told him the grievance had been destroyed.

## Discussion

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). But a habeas corpus petition cannot be used to assert a constitutional challenge to the conditions of one's confinement. *Preiser*, 411 U.S. at 499. As such, any claims petitioner is asserting based on the correctional officers' alleged retaliatory or abusive conduct cannot proceed under § 2254, and he will be unable to claim damages or any other relief associated therewith. Instead, such claims must be brought, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983. *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). Any civil rights claims petitioner is asserting are therefore dismissed without prejudice to those claims being asserted in a separate action.

The petition may proceed as it relates to the due process challenge to his segregation sentence. However, it cannot proceed against Respondent Creason. The proper respondent is the warden of the facility where the prisoner is being

held. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Because of petitioner's *pro se* status and in the interest of judicial economy, Pontiac's warden, Guy Pierce, will be substituted *sua sponte* as the respondent to petitioner's petition. Warden Pierce will be required to respond or otherwise plead.

### Disposition

The **CLERK** shall **SUBSTITUTE WARDEN GUY PIERCE** in place of **RESPONDENT CREASON** as the respondent in this action and **TERMINATE** Respondent Creason as a party to the action. This action shall be captioned Maurice Jackson, Petitioner v. Warden Guy Pierce, Respondent, until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that any and all civil rights claims are **DISMISSED without prejudice** to such claims being brought in a separate action. Only the allegations addressing due process claim associated with his segregation sentence shall **PROCEED**.

**IT IS FURTHER ORDERED** that Respondent **WARDEN GUY PIERCE** shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered (on or before Monday, February 29, 2016).This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to **United States Magistrate Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 28th day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.28 17:27:59 -06'00'

**United States District Court**