**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MAURICE JACKSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 16-cv-17-DRH-CJP** |
| | ) | |
| **GUY PIERCE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, Maurice Jackson, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1).

This matter is before the Court on respondent's Motion to Dismiss Petitioner's Habeas Petition. (Doc. 10). Petitioner responded to the motion at Doc. 12.

### Relevant Facts

Petitioner is currently serving a forty-year sentence on a 2004 conviction in Champaign County for first-degree murder. Petitioner claims that in 2015 he was sent to segregation at Menard Correctional Center while an incident was being investigated. The petition does not state what was being investigated. While petitioner was packing up his things, he claims a correctional officer took the bedsheet he was carrying and threw it on the floor. Petitioner and the officer engaged in an argument and petitioner claims the correctional officer then performed a strip search and inappropriately touched petitioner. Petitioner served

1

fourteen days of segregation while the incident for which he was charged was being investigated. He was eventually convicted and he claims his conviction was based on a letter he did not write. Petitioner was sentenced to fifteen days segregation plus six months for sexual misconduct. He was sent to Pontiac Correctional Center to serve his sentence. (Doc. 1; Doc 6, Pg. 2-3; Doc. 15, Ex. A, B).

Petitioner's habeas petition sought release from segregation, return to Menard Correctional Facility, expungement of his administrative conviction, mental health treatment, and damages. (Doc. 1). This Court dismissed petitioner's claims based on correctional officers' conduct as improper because a habeas petition cannot be used to assert a constitutional challenge to the conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). This Court allowed the petition's due process challenge to petitioner's segregation sentence to proceed. (Doc. 6, pg. 3-4).

## Applicable Legal Standards

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. However, "[s]tate prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation,

2

exclusion from prison programs, or suspension of privileges, must [] employ §1983 or another statute authorizing damages or injunctions." *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000).

## Analysis

Jackson's petition must be dismissed as it is improperly brought as a §2254 habeas petition and should instead be brought as an action under 42 U.S.C. §1983.

The Seventh Circuit has held that punishments affecting the "duration of custody" must be challenged under §2254, while punishments affecting the "severity" of custody "must be challenged under §1983." *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). Disciplinary segregation falls into the "severity" column, and therefore must be "challenged under § 1983, in the uncommon circumstances when it can be challenged at all." *Id.*; see also *Temple v. Davis*, 84 F. App'x 642, 645 (7th Cir. 2003)("Because disciplinary segregation affects the severity rather than the duration of custody, [the prisoner] could not challenge that conviction under § 2254.").

Petitioner claims that he does not have relief under §1983 because he cannot show his disciplinary adjudication has been overturned. (Doc. 12). He relies on two Supreme Court cases where the Court held that a prisoner cannot bring a §1983 suit that would undermine a still-valid conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997).

"In *Heck v. Humphrey*, [the Supreme Court] held that where success in a

prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). The Supreme Court then applied the *Heck* holding to *Edwards* where a petitioner sought damages and equitable relief for a procedural defect in a prison's administrative process and the administrative action affected the petitioner's good-time credits. *Edwards*, 520 U.S. at 641-49.

As respondent notes, the Supreme Court has also held that "*Heck's* requirement to resort to state litigation and federal habeas before §1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Muhammad*, 540 U.S. at 751. Petitioner does not seek immediate or early release from custody but rather a transfer back to Menard and into the general prison population. Therefore, because petitioner's claim is not involved with his underlying murder conviction or the duration of his sentence, the requirement to pursue a habeas petition before a §1983 claim does not exist.

Accordingly, petitioner's habeas claim concerning the disciplinary segregation must be dismissed without prejudice.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing §2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability

4

when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a certificate of appealability to be issued.

Here, it is apparent that Jackson's claim was improperly brought as a habeas petition. No reasonable jurist would find this issue debatable. Accordingly, the Court denies a certificate of appealability.

<u>Conclusion</u>

Respondent's Motion to Dismiss Petitioner's Habeas Petition for Failure to Exhaust State Remedies (Doc. 10) is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 8th day of April, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.04.08 15:34:14 -05'00'

**United States District Court**

5